IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| THE UNDERWRITERS GROUP, INC., | § | |
| Interpleader Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-334 |
| | § | |
| CLEAR CREEK INDEPENDENT | § | |
| SCHOOL DISTRICT, ET.AL. | § | |

**OPINION AND ORDER**

On June 30, 2006, the Court granted Underwriters' Motion for Summary Judgment to the extent it sought declaratory judgment that it had no further liability or obligation to Defendants, and granted the dismissal of Underwriters from the case upon a determination of its request for attorney fees and costs.

Before the Court is the Affidavit of Ronald J. Restrepo (Instrument No. 47) in support of Underwriters' request for attorneys fees in the amount of $12,108.00 and $640.00 in costs for bringing the interpleader action.[1]  (Aff. of Restrepo at ¶ 5).  Also before the Court is Defendant Clear Creek Independent School District's ("CCISD") Supplemental Response (Instrument No. 48) in which it re-urges the Court to deny Underwriters' request for attorney fees.  Braselton filed no response.

"The Fifth Circuit expressly holds that modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable

---

[1] In his affidavit Mr. Restrepo clarifies that, although not seeking this amount, "the total amount of fees through March 2006 is $14,258, while the expenses through that date total $839.89." (Affidavit, ¶ 6).

1

to do so." *Noeller v. Metropolitan Life Ins. Co.*, 190 F.R.D. 202, 206 (E.D.Tex. 1999). An award of attorney fees and costs to a stakeholder, however, rests within the discretion of the court. *General Electric Capital Assurance v. Van Norman*, 209 F.Supp.2d 668, 672 (S.D.Tex. 2002).

The traditional test for determining attorneys fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in other contexts. *Noeller*, 190 F.R.D. at 207; *see e.g. Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (guidelines for determining fee awards in civil rights cases). Instead, in an interpleader action, the broad rule [for determining an award of attorneys' fees] is one of reasonableness. *Noeller*, 190 F.R.D. at 207. In determining whether attorneys' fees and costs should be awarded, a court will examine the following factors: "(1) Whether the case is simple or involved; (2) Whether the stakeholder performed any unique services for the claimants or the court; (3) Whether the stakeholder acted in good faith and with diligence; (4) Whether the services rendered benefitted the stakeholder; (5) Whether the claimants improperly protracted the proceedings." *Id.* (citing to 7 Wright, Miller & Kane, *supra* § 1719). As a general rule, however, an award of attorney's fees in an interpleader case "typically will be modest" unless the case was particularly complicated. *Id.*; *Fresh America Corp. v. Wal-Mart Stores, Inc.,* 393 F.Supp.2d 411, 417 (N.D.Tex. 2005).

The Court finds nothing particularly complex about the nature of this interpleader action. In fact, in terms of complexity, this interpleader complaint was a relatively simple matter brought on behalf of Underwriters Group, who, as a company involved in matters concerning insurance, presumably has been involved in or instigated interpleader actions in the past. There appears to have been a certain degree of feuding over the funds, but nothing exceeding the extent normally encountered in these actions. Given the competing claims of the claimants, however, Underwriters' acted in good faith and diligently brought this interpleader action and, as such, should not be faulted

or penalized for having done so. Moreover, the Defendants, while filing cross-claims against each other, also filed a counter-claim against Underwriters, which appears to have protracted Underwriters involvement in the proceedings. Accordingly, the Court rejects any argument by Defendants that Underwriter should be completely denied recovery for attorney fees and costs.

Nevertheless, having reviewed the billing statements submitted, the Court's finds that Underwriters' requested fees and costs are excessive and concludes that much of the time spent by counsel ought not in fairness be charged against the claimants. For example, the initial billing statement, reflects fees totaling $6,852.50 for initial work in this case, which consisted of preparing a fairly standard interpleader complaint and motion to deposit the funds. In its review of this particular billing statement, the Court observes that 3.6 hours were spent researching the jurisdiction regarding Clear Creek Independent School District ("CCISD"); 5.6 hours were spent completing a memo regarding venue; 19.1 hours were initially spent completing research concerning interpleader actions; 2.1 hours spent between an attorney and paralegal researching the Court rules concerning depositing the interplead funds and, thereafter, an additional 2.6 hours spent completing a one-page motion to deposit the funds with the Court; and another 3.1 hours spent preparing a relatively simple, three-page interpleader complaint. The Court finds the initial time spent on this matter is clearly excessive given the simplicity of this interpleader action and, in all fairness, the Court will not impose such unreasonable fees against the stake. In fact, reviewing the pleadings filed in this case in light of the facts, the Court has difficulty understanding how the initial work of reviewing, researching, and preparing this interpleader complaint and motion to deposit could have exceeded 10-12 hours.

While most of the excessive time spent in this case was found in the initial billing statement, in reviewing the subsequent billing statements, the Court also observes other instances of time spent that it finds excessive in light of the nature of this particular case. For example, the Court points to

the approximate 5 hours spent in research to prepare an answer to the counter-claim, as well as another approximately 3 hours to prepare the answer;[2] approximately 5-1/2 hours spent to prepare the Joint Case Management Plan;[3] approximately 3-1/2 hours spent to complete the initial affidavit for attorney fees that accompanied Underwriters' Motion for Summary Judgment; and approximately 6-1/2 hours that appears to have been spent conducting research regarding interested parties and counter-claims for purposes of filing a Reply; as well as the almost 3 hours billed for preparing the Reply.[4]

Although Underwriters requests $12,108.00 in attorneys fees and $640.00 in costs,[5] which this Court is aware reflects a reduction, this Court is of the opinion that to award even this amount would be unreasonable given the numerous instances of excessive time spent in this case and, as such, determines that fairness dictates an award of only a portion of the amount sought. In particular, the Court concludes that a reasonable award of attorneys fees and costs in this case is $8,500.00. *See e.g. Sternitzke v. Pruco Life Ins. Co.*, 64 Fed.Appx. 582, 583 (7th Cir. 2003) (upholding decision to award half of attorneys fees requested in interpleader action); *Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans*, 234 F.3d 415, 426-27 (9th Cir. 2000) (upholding award of $3,000 in attorney

---

[2] The Court is aware that much of this work was done by either a paralegal or law clerk at a reduced hourly rate, with only .5 hours being charged by counsel to review and revise the answer to the counter-claim. Nevertheless, given the simplicity of the answer, the amount of time spent is researching and preparing the answer is excessive and unreasonable.

[3] This excludes the time billed for purposes of communicating with the two other attorneys regarding the Joint Case Management Plan.

[4] Excluded from this total was the 1.2 hours spent by Mr. Restrepo revising and finalizing the Reply.

[5] In reviewing the expenses charged, the Court observes that the billing statements reflect copy charges of totaling $350.60.

4

fees as opposed to $97,000 requested); *Johnson v. Electrolux Corp.*, 763 F.Supp. 1181, 1189 (D.Conn. 1991) (awarding $1,000 in fees and costs rather than $7,422.07 requested); *Chem. Bank v. Richmul Assocs.*, 666 F.Supp. 616, 619-20 (S.D.N.Y. 1987) (awarding $7,357 in fees and costs rather than the requested $26,570.44); *Fresh American Corp. v. Allen Lund Co.*, 2005 WL 2124133, *1,3 (N.D.Tex. 2005) (award of $23,982 in fees and costs rather than the interpleader's reduced request to the court for $48,000); *Sun Life Assurance Co. of Canada v. Estate of Chan*, 2003 WL 22227881, *3 (N.D. Cal. 2003) (award of $8,000.00 for fees and costs in interpleader action is a fair and reasonable amount); *GOAT, Inc. v. Four Finger Art Factory*, 2002 WL 31684400, *2 (S.D.N.Y. 2002) (awarding fees and costs of $7,000.00 rather than $27,583.10 requested); *Powell Valley Bankshares, Inc. v. Wynn*, 2002 WL 728348, *3 (W.D.Va. 2002) (awarding $16,200 in fees and costs rather than requested amount exceeding $40,000.00).

## CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED** that Underwriters is **AWARDED** a total of **$8,500.00** for fees and costs in this case and, consistent with the Court's previous Order, is **DISMISSED from this action**.

**DONE** at Galveston, Texas, this _____27th_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge